UNITED STATES DISTRICT COURT　　　　　　　　ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

---

FRANCIS BRETON,

                      Plaintiff,

      - versus -

RIGBY MACHINERY, INC., RIGBY INDUSTRIES, INC., MA-TECH USA, LLC., LINEMASTER SWITCH CORP., and BELMONT METALS INC.,

                      Defendants.

MEMORANDUM AND ORDER
14-CV-04208 (JG)

A P P E A R A N C E S:

    DOUGLAS AND LONDON
        59 Maiden Lane, 6th Floor
        New York, NY 10038
    By:    Randolph Janis
        *Attorneys for Plaintiff*

    NELSON BROWN & CO.
        17 State Street, 29th Floor
        New York, NY 10004
    By:    Jeffrey S. Matty
        *Attorneys for Defendant Linemaster Switch Corporation*

JOHN GLEESON, United States District Judge:

## BACKGROUND

On October 7, 2013, Breton filed his complaint in New York Supreme Court, Kings County, against Defendants Rigby Machinery, Inc., Rigby Industries, Inc., Ma-Tech USA, LLC, Linemaster Switch Corp., and Belmont Metals, Inc. Janis Decl. ¶ 2, Ex. 1 ("Complaint"). Breton alleges that he was injured by a defective industrial saw designed and manufactured by the defendants. *See* Compl. On July 9, 2014, Defendant Linemaster Switch Corp.

("Linemaster") removed the case to this Court action on the ground of diversity of citizenship. Janis Decl. ¶ 4, Ex. 3 ("Notice of Removal").

Breton now moves pursuant to 28 U.S.C. § 1447(c) to remand the case back to state court. It argues that Linemaster's notice of removal is defective because Linemaster did not obtain the consent of the other defendants—Rigby Machinery, Inc. ("Rigby Machinery"), Rigby Industries, Inc. ("Rigby Industries"), and Ma-Tech USA, LLC ("Ma-Tech USA") (collectively, the "Rigby Defendants")—before filing the notice of removal.[1] Linemaster argues that its failure to obtain the Rigby Defendants' consent should be excused because Linemaster was unable to make contact with the Rigby Defendants.

## DISCUSSION

### A. *Legal Standards*

A motion to remand a case "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . ." 28 U.S.C.A. § 1447(c). When opposing a motion to remand, it is the removing party's burden to show that it has met the requirements for removal. *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *Farneti v. BethPage FCU*, No. 13-CV-7218, 2014 WL 1797478, at *2 (E.D.N.Y. May 1, 2014) (citations omitted). Additionally, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991) (citation omitted).

---

[1] The claims against Defendant Belmont Metals, Inc., were dismissed on June 13, 2014. *See* Notice of Removal ¶ 6, Ex. 4 (Order, *Breton v. Rigby Machinery, Inc.*, No. 11768/13 (Sup. Ct. Kings Cnty., June 13, 2014)).

B.     *Breton's Motion to Remand*

Breton argues that the removal was defective because all defendants failed to consent to the filing of the petition for removal. Pl. Br. 2-3. Indeed, it is a requirement that all defendants consent to the removal of an action. 28 U.S.C. § 1446(b)(2)(A). This requirement of consent was previously known as the "rule of unanimity," and was enforced through "general agreement among the courts." *See Snakepit Automotive, Inc. v. Superperformance Intern., LLC*, 489 F. Supp. 2d 196, 201 (E.D.N.Y. 2007) (citations omitted). The three exceptions to the rule of unanimity are:

> (1) the non-joining defendants have not [received] service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; or (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c).

*Snakepit Auto., Inc.*, 489 F. Supp. 2d at 201-02 (citations omitted). In 2011, the Federal Courts Jurisdiction and Venue Clarification Act codified the exceptions to the rule of unanimity, see Pub. L. 112-63, 125 Stat. 758, 760 (2011), by making the exceptions part of the removal statute itself. The statute now requires the removing party to obtain consent from "all defendants who have been properly joined and served" in the action. 28 U.S.C. § 1446(b)(2)(A). Courts have continued to apply the rule of unanimity and its exceptions even after the rule was codified. *See, e.g.*, *United Merchandise Wholesale, Inc. v. IFFCO, Inc.*, No. 13-CV-4259, 2014 WL 4639138, at *9 (E.D.N.Y. Sept. 15, 2014).

Here, Linemaster filed a notice of removal to which none of the other defendants gave their consent. During oral argument, Linemaster made clear that it is not relying on any of the three exceptions to the rule of unanimity stated above, even though the Court has reason to believe that the first exception, for inadequate service of process, would apply. Instead, Linemaster asks the Court to create a fourth exception to the rule of unanimity for defendants

3

who were served with process but who have not appeared in the action or otherwise responded to the notice of removal.

Because courts must "construe the removal statute narrowly, resolving any doubts against removability," see *Somlyo*, 932 F.2d at 1045-46, I decline Linemaster's invitation to create that exception. Since Linemaster argues no other grounds in opposition to Breton's motion to remand, Breton's motion is granted.

## CONCLUSION

For the reasons set forth above, Breton's motion is granted. The Clerk is respectfully directed to remand the case to New York Supreme Court, Kings County.

So ordered.

John Gleeson, U.S.D.J.

Dated: October 24, 2014
      Brooklyn, New York

4